# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARCUS D. HAWKINS,**

  **Plaintiff,**

 v.              Case No. 15-cv-872

**WARDEN DONALD STRAHOTA, et al.,**

  **Defendants.**

## SCREENING ORDER

Plaintiff, a Wisconsin state prisoner, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter is now before me on plaintiff's motion for leave to proceed in forma pauperis, his motion to appoint counsel, and for screening of his complaint.

The Prison Litigation Reform Act gives courts discretion to allow prisoners to proceed with their lawsuits without pre-paying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. §1915. One of those requirements is that the prisoner pay an initial partial filing fee. On July 21, 2015, I assessed an initial partial filing fee of $27.70. Plaintiff paid that fee on August 18, 2015. I will grant plaintiff's motion to proceed in forma pauperis, and plaintiff may the remainder of the fee as set forth at the end of this order.

Federal law requires that I screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for a plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, courts must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that in 2006, after having knee surgery, his doctor instructed that he not wear corrections shoes but be permitted to purchase shoes of his choosing. Beginning in mid-2014, plaintiff began to complain about pain in his feet and requested that he be permitted to purchase shoes outside of those approved by the institution. In March 2015, plaintiff went to Aljun (it is unclear from plaintiff's complaint whether this is a medical facility or a medical professional) who recommended a particular institution-approved shoe. Plaintiff alleges that the institution instructed Aljun to recommend only institution-approved footwear. The shoes were ordered for plaintiff, but it is unclear from his complaint when he received the shoes.

Plaintiff alleges that he continues to experience foot pain and that the pain is worsening. He alleges his foot is covered in bloody blisters caused by the shoe. His complaints and requests that be he allowed to order a shoe outside of those approved by the institution were denied.

To state a claim for deliberate indifference to a serious medical need, a plaintiff must allege that he suffers from a serious medical condition and that the defendants knew

3

of his condition and the risk it posed but disregarded the risk. Pyles v. Fahim, 771 F.3d 403, 409 (7th Cir. 2014). Something more than negligence or even malpractice is required. Id. Plaintiff satisfies the first prong of this test. He alleges that, following knee surgery in 2006, it was deemed medically necessary that plaintiff be given appropriate footwear. In addition, plaintiff has experienced serious, consistent pain and has had bloody blisters on his foot. The second prong requires that each defendant knew of this condition and showed deliberate indifference to it.

Plaintiff cannot satisfy the second prong with regard to Kris Lyon, Nancy Garcia, Donna Larson, or G. A. Vick. According to the complaint, each of these defendants, when notified of plaintiff's complaints, promptly referred plaintiff to the person or committee who was authorized to grant plaintiff's request or who was qualified to further assess plaintiff's condition. Nothing in plaintiff's complaint indicates that these defendants were indifferent to plaintiff's medical needs, so they will be dismissed.

However, plaintiff has successfully stated a deliberate indifference claim against Belinda Schrubbe, Brian Greff, N. Kamphuis, Tonia Moon, and Lori Alsum. Plaintiff informed these defendants that his foot pain was worsening, the institution-approved shoe was making the pain worse, and a doctor had previously ordered that he be allowed to wear non-institution-approved footwear, yet these defendants ignored his requests for new shoes and insisted that he keep the shoes that had been ordered for him. These allegations are sufficient at this stage to state a claim.

Plaintiff may also proceed on a negligence claim against Schrubbe, Greff, Kamphuis, Moon, and Alsum. To prevail on this claim, plaintiff will ultimately have to prove

4

that there was (1) a breach of (2) a duty owed (3) that resulted in (4) harm to plaintiff. Paul v. Skemp, 2001 WI 42 ¶ 17, 242 Wis.2d 507, 520 (2001).

Finally, plaintiff may proceed on his claim that warden William Pollard failed to intervene in the violation of his rights despite plaintiff informing Pollard of the situation. Plaintiff's claim against Donald Strahota will be dismissed because Plaintiff does not mention Strahota in his allegations (he refers to a letter he wrote to "the warden" but Strahota was not the warden at the institution during the time of plaintiff's complaints).

Plaintiff also expresses an intent to state a claim for retaliation, but he fails to do so. To state a First Amendment retaliation claim, plaintiff must allege that, "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." Gomez v. Randle, 680 F.3d 859, 866-67 (7th Cir. 2012) (quoting Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009)). Plaintiff does not allege that he engaged in activity protected by the First Amendment, so he may not proceed with this claim.

In summary, plaintiff may proceed on his deliberate indifference and negligence claims against Belinda Schrubbe, Brian Greff, N. Kamphuis, Tonia Moon, and Lori Alsum; he may also proceed on his failure to intervene claim against William Pollard. However, Kris Lyon, Nancy Garcia, Donna Larson, G. A. Vick, and Donald Strahota are dismissed.

Motion for Appointment of Counsel

Plaintiff has also filed a motion seeking appointment of counsel. He states that he is unable to afford counsel, the issues in this case are complex, and he has limited legal knowledge or access to legal resources. Plaintiff also requests that Daniel Anthony Peace,

and inmate who has helped him with his lawsuit so far, be allowed to accompany him to trial.

I have discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). In this district, courts require that a plaintiff contact at least three attorneys to inquire about representation; he may do this by phone or by letter. Plaintiff must then provide me with the names of the attorneys he contacted, copies of the letters he mailed to the attorneys (if applicable and available), and, if possible, a summary of the attorneys' responses.

Once plaintiff demonstrates he has made a reasonable attempt to secure counsel on his own, I will examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 781 F.3d at 696 (citing Pruitt, 503 F.3d at 655). This inquiry focuses not only on plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." Id.

Plaintiff has not satisfied the first step in the process described above, and he must do so before I will consider appointing counsel to represent him. In any event, it appears that plaintiff will have assistance from another inmate while he navigates the initial stages of litigation. Based on plaintiff's filings, which are detailed, organized, and easy to understand, it appears that he is capable of doing this without an attorney representing him. I will deny plaintiff's motion at this time. In addition, I will deny plaintiff's request that

Mr. Peace be allowed to accompany him to a trial. If a trial should occur, it is a long way off, and plaintiff may renew his request at a later date if he would like.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #4) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for the appointment of counsel (Docket #3) is **DENIED** without prejudice.

**IT IS ALSO ORDERED** that defendants Kris Lyon, Nancy Garcia, Donna Larson, G. A. Vick, and Donald Strahota are **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Belinda Schrubbe, Brian Greff, N. Kamphuis, Tonia Moon, William Pollard, and Lori Alsum.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, Belinda Schrubbe, Brian Greff, N. Kamphuis, Tonia Moon, William Pollard, and Lori Alsum shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prisoner trust account the $322.30 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the

account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if plaintiff is no longer incarcerated at one of those institutions, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, plaintiff must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting plaintiff's legal rights.

Dated at Milwaukee, Wisconsin, this 24th day of August, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge