# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

**MARCUS D. HAWKINS**,

                **Plaintiff,**

v.                                                      Case No. 15-cv-872

**WILLIAM POLLARD, et al.,**

                **Defendants.**
_____

## ORDER

Marcus D. Hawkins, who is representing himself and currently incarcerated at Waupun Correctional Institution, filed a civil rights action under 42 U.S.C. §1983. On March 2, 2016, defendants filed a motion requesting that I extend the deadline for filing dispositive motions to June 30, 2016. (Docket #23.) Defendants' counsel explains that she has a heavy caseload during the next two months, including having to prepare for five other summary judgment motions and three federal jury trials. I find defendants' request and the basis for that request to be reasonable, so I will grant defendants' motion.

Plaintiff also filed a motion. He asks that I compel defendants to respond to his second set of interrogatories and requests for the production of documents. (Docket #24.) Civil Local Rule 37 requires that all motions to compel disclosure or discovery be accompanied by a written certification from the movant that he has in good faith unsuccessfully attempted to confer with the opposing party in order to resolve the discovery dispute without the court's involvement. This requirement saves the court and

parties time and money because parties can often reach a compromise informally without the delay and expense of motion practice.

Plaintiff includes a certification; however, he misunderstands the requirement. Plaintiff points to the requests themselves as his good faith effort to resolve the dispute. That is not correct. The "dispute" did not arise until after defendants responded to plaintiff's discovery requests and plaintiff was dissatisfied with those responses. Because plaintiff did not confer with defendants *after* they responded, plaintiff has not satisfied the requirements of this rule.

I will deny plaintiff's motion to compel at this time. I encourage the parties to try to reach a compromise and resolve these disputes (or at least narrow them) without my involvement. If they are unable to do so, plaintiff may refile his motion.

**IT IS THEREFORE ORDERED** that defendants' motion for an extension of time (Docket #23) is **GRANTED**. If a party chooses to file a dispositive motion, it must do so by **June 30, 2016**.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel (Docket #24) is **DENIED.**

Dated at Milwaukee, Wisconsin, this 11th day of March, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge