UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

**MARCUS D. HAWKINS**,
   **Plaintiff**,

   v.           Case No. 15-CV-872

**WILLIAM POLLARD, et al.**,
   **Defendants.**
_____

## DECISION AND ORDER

The plaintiff, Marcus D. Hawkins, who is representing himself, is currently incarcerated at Waupun Correctional Institution. He filed this lawsuit pursuant to 42 U.S.C. § 1983 and was granted leave to proceed on his claims that defendants Belinda Schrubbe, Brian Greff, Nicole Kamphuis, Lori Alsum, and Tonia Moon were negligent and deliberately indifferent to his medical needs because they denied his requests to purchase shoes from a non-approved vendor. Plaintiff was also allowed to proceed on a claim that defendant William Pollard failed to intervene to prevent the violation of plaintiff's rights. Before me now are parties' cross-motions for summary judgment.

## I. BACKGROUND

The relevant facts are taken from "Defendants' Reply to Plaintiff's Response to Defendants' Proposed Finding of Fact" (ECF No. 48) and "Defendants' Response to Plaintiff's Proposed Findings of Fact" (ECF No. 44).

In 2006, while in the custody of the Wisconsin Department of Corrections (DOC), plaintiff saw an orthopedic surgeon, Dr. Lang, because of knee pain. Dr. Lang twice recommended that plaintiff wear his own shoes rather than DOC shoes. In 2007, Dr.

Lang also recommended a heel lift for plaintiff's right shoe because plaintiff's legs are different lengths.

At that time, prisoners could purchase personal property items (like shoes) from any outside vendor but were only allowed to receive and keep those items that met applicable security guidelines. In December 2007, DOC implemented a new system, under which prisoners could only order personal property items from approved vendors. Such items were pre-approved to meet applicable security guidelines, which ensured that plaintiffs could receive and keep items that they purchased.

In February 2008, plaintiff was given modified shoes from the Aljan Company, an off-site provider of orthotic services with which DOC works to provide orthopedic devices and footwear to prisoners with special foot care needs.

Plaintiff was transferred to Waupun Correctional Institution (Waupun) in July 2009. His modified shoes were discarded during the transfer. That August, he was seen by a physician in Waupun's Health Services Unit (HSU) for low back pain. In December 2011, he complained of back and foot pain. He saw a nurse practitioner in the HSU, who wrote an order for a temporary shoe insert and a request to Aljan for modifications to plaintiff's right shoe.

From 2012 to 2015, plaintiff was seen in the HSU multiple times for complaints related to his footwear, including low back pain, side pain, foot pain, numbness and tingling in his feet and toes, and discomfort. Healthcare providers in the HSU told plaintiff to reduce his physical activities (and, then, to increase them slowly), perform stretching exercises, and use ice. They also repeatedly referred plaintiff to Aljan for modifications to his shoes. Despite receiving several pairs of shoes and repeated shoe

modifications, such as heel lifts and custom orthotic inserts, from the HSU and Aljan in response to his complaints, plaintiff continued to complain that his footwear was causing pain and limited his ability to engage in physical activity, particularly basketball.

In December 2014, plaintiff submitted an interview/information request, in which he asked, "Why am I not allowed to order better shoes from an outside vendor when it's documented that I shouldn't be wearing anything from Corrections?" ECF No. 48, ¶ 66. The request was forwarded to Waupun's Special Needs Committee, then made up of defendants Belinda Schrubbe, Brian Greff, and Nicole Kamphuis, which reviewed inmate requests for medical-needs exceptions to the general DOC policy requiring inmates to order personal property items from approved vendors. Such requests were reviewed in light of medical and security concerns. The Special Needs Committee sent plaintiff a memo noting that there were adequate shoe options available from approved vendors "that have the support of Aljan for inmates with foot troubles." *Id.* ¶ 67.

In January 2015, plaintiff sent a letter to defendant William Pollard, Waupun's warden, arguing that he was not allowed to order adequate athletic shoes. Pollard referred the letter to Schrubbe, who responded to plaintiff, saying that the custom inserts he had would fit in any of the shoes available from approved vendors and that there was no medical need for him to purchase shoes from a non-approved vendor.

In February 2015, plaintiff filed an official complaint, stating that he was not allowed to order shoes from a non-approved vendor. Defendant Tonia Moon, an Institution Complaint Examiner, processed the complaint and found it untimely because it was filed more than fourteen days after the Special Needs Committee denied

3

Case 2:15-cv-00872-LA   Filed 10/04/16   Page 3 of 9   Document 49

plaintiff's request the previous December. Pollard reviewed the complaint and found that it was appropriately rejected.

During March and April 2015, after being seen in the HSU and by a physician at Aljan, plaintiff received new custom orthotic inserts and new shoes. A few weeks later, plaintiff wrote to HSU, "I'm requesting that I be allowed to order shoes outside of corrections. Attached is a copy of two of my surgeons [2006] order. I have orthopedic shoes, but I'm limited because I can only do so much in them." *Id.* ¶ 73 (alteration in original).

In May 2015, he again complained that his shoes did not comply with his surgeon's 2006 recommendations. Plaintiff filed another official complaint stating that he should be able to order shoes from an outside vendor, which Moon again rejected as untimely. Defendant Lori Alsum, a Health Services Nursing Coordinator employed by the DOC's Bureau of Health Services, reviewed the complaint and found that it was appropriately rejected.

In June 2015, plaintiff was seen in the HSU because his shoes were causing sores and blisters when he played basketball. The nurse who saw him recommended that he increase his physical activity slowly and noted that she would discuss his issue with the HSU manager to figure out a plan of care. Less than a month later, plaintiff brought this action in federal court.

## II. ANALYSIS

A party is entitled to summary judgment if it shows that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). To survive a motion for summary judgment, a non-moving party must

4

show that sufficient evidence exists to allow a jury to return a verdict in its favor. *Brummett v. Sinclair Broad. Grp., Inc.*, 414 F.3d 686, 692 (7th Cir. 2005). For the purposes of deciding this motion, I resolve all factual disputes and make all reasonable factual inferences in favor of the non-moving party. *Springer v. Durflinger*, 518 F.3d 479, 483–84 (7th Cir. 2008).

### A. Deliberate Indifference

"Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates 'deliberate indifference to serious medical needs of prisoners.'" *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To make a deliberate-indifference claim, the plaintiff must first show that he has "a medical condition 'that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Edwards v. Snyder*, 478 F.3d 827, 830–31(7th Cir. 2007) (quoting *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). He must then show "that the prison official[s] knew of 'a substantial risk of harm to [him] and disregarded the risk.'" *Id.* at 831 (first quoting *Greeno*, 414 F.3d at 653; and then citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Medical malpractice or a disagreement as to the proper course of medical treatment is not deliberate indifference. *Id.* (first citing *Estelle*, 429 U.S. at 107; then citing *Greeno*, 414 F.3d at 653; and then citing *Estate of Cody by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996)). In order to survive summary judgment, the evidence must be such that a reasonable jury "could infer the treatment was 'so blatantly inappropriate as to evidence

5

intentional mistreatment likely to seriously aggravate' a medical condition." *Id.* (quoting *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996)).

First, I question whether plaintiff's complaints are sufficiently serious to give rise to a claim of deliberate indifference under the Eighth Amendment. While it is undisputed that plaintiff's foot condition in general is a serious medical condition, plaintiff's complaints about the treatment he received are not so broad. Plaintiff complains only that the shoes provided to him by the HSU and modified by Aljan allowed him to "only do so much" and gave him blisters when he played basketball. Plaintiff's other complaints (*e.g.*, back pain, tingling feet, numb toes) were all apparently resolved by these modified shoes.

Regardless, even if plaintiff's medical needs are sufficiently serious to support his claim, he has not provided evidence that would allow a reasonable jury to conclude that defendants acted with deliberate indifference to his medical needs. Plaintiff relies heavily on his surgeon's recommendations from 2006 that he wear his own shoes instead of shoes from DOC. However, plaintiff's surgeon made these recommendations before DOC implemented its approved-vendor system, so he could not have been offering an opinion as to the adequacy of the shoes available through approved vendors as opposed to those available from non-approved vendors. He likely was only recommending that plaintiff wear shoes other than the standard state shoes that DOC issues to all prisoners.

Further, since DOC implemented the approved-vendor system, plaintiff has seen several physicians (at both the HSU and Aljan) and nurse practitioners who have deemed the shoes available from approved vendors medically appropriate, subject to

6

Aljan's modifications. Defendants Schrubbe, Greff, and Kamphuis, as the members of the Special Needs Committee, reviewed plaintiff's request to purchase shoes from a non-approved vendor in light of the opinions of these healthcare providers and determined that it was not medically necessary to allow him to purchase such shoes. Plaintiff may disagree, but a mere disagreement as to the proper course of medical treatment is insufficient to sustain a deliberate-indifference claim. Based on the evidence that plaintiff presented, a reasonable jury could not conclude that the Special Needs Committee's decision was so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate plaintiff's medical condition. Schrubbe, Greff, and Kamphuis are, therefore, entitled to summary judgment.

Defendants Moon and Alsum were only involved to the extent that they reviewed plaintiff's administrative complaints. "Ruling against a prisoner on an administrative complaint does not cause or contribute to" any alleged constitutional violation. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). A complaint examiner violates the Constitution only when she does her appointed tasks with deliberate indifference, such as by destroying a grievance without reading it or by intervening to prevent a prisoner from receiving needed care. *Burks v. Raemisch*, 555 F.3d 592 (7th Cir. 2009). Plaintiff does not allege that either Moon or Alsum failed to do her job; he merely disagrees with their conclusions. This is insufficient to support a deliberate-indifference claim, so Moon and Alsum are entitled to summary judgment.

Defendant Pollard is also entitled to summary judgment. Plaintiff wrote Pollard a letter in January 2015 to complain about the Special Needs Committee's denial of his request. Pollard, who is not a medical professional and who is responsible for

7

overseeing all facets of the prison's operations, delegated to Schrubbe, who was better positioned to address plaintiff's concerns, the task of responding to plaintiff's letter. His decision to do so did not violate the Constitution. *See id.* at 595 ("Public officials do not have a free-floating obligation to put things to rights . . . . [T]he Warden of each prison is entitled to relegate to the prison's medical staff the provision of good medical care."); *Johnson v. Doughty*, 433 F.3d 1001, 1011 (7th Cir. 2006).

### B. Negligence

Defendants are also entitled to summary judgment on plaintiff's negligence claim. Wisconsin Statutes section 893.82 states that no claimant may bring an action against a state officer, employee, or agent unless the claimant first serves upon the state attorney general a written notice of the claim. Plaintiff did not file such a notice, so he is precluded from pursuing state-law negligence claims against the defendants. In any event, it appears from plaintiff's response to defendants' motion that he has chosen to waive his negligence claim. ECF No. 46, at 8 ("Negligence, is not an actionable claim in a § 1983 complaint . . . and thus, is not an issue requiring summary judgment decision."). I will dismiss this claim.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that plaintiff's motion for summary judgment (ECF No. 29) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motion for summary judgment (ECF No. 33) is **GRANTED**, this case is **DISMISSED**, and the Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment, and any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend these deadlines. Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin, this 4th day of October, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge